CARTER, SCHOOL TRUSTEE, *v.* STATE, EX REL. LEE.

[No. 25,163.   Filed August 26, 1931.]

*Charles E. Sturgis, Robert W. Stine* and *Elmore D. Sturgis,* for appellant.

*W. H. Eichhorn, Frank W. Gordon* and *John H. Edris,* for appellee.

TREANOR, J.—The appellee relator brought this action for mandate to require the appellant, as trustee of a school township, to transfer relator's daughter "from the schools of Nottingham Township, Wells County, Indiana, to the schools of Liberty Township, Wells County, Indiana." The action is based upon §6917 Burns 1926, Acts 1921 p. 743, and more particularly upon the following portion of the statute: "And provided, further, That when pupils live within a distance of one mile nearer another school in the same or a different township, in the same or a different county, than the school to which they are assigned, it shall be the duty of the township trustee, upon application of the parent, guardian, or custodian of such pupils to issue a transfer to the nearer school, except that in cases where a township conveyance is regularly furnished such pupils, the difference in distance between schools shall be two, or more, miles before a transfer can be demanded."

The trial court found that the relator's child possessed all the personal qualifications required for admission to the public schools as a pupil of the first grade; that the school to which the transfer for the child was requested was three and two-thirds miles closer to the home of the child than the school to which she was attached for school purposes in her home school township; that the tuition fund and special school fund of Nottingham School Township was sufficient to pay all costs and expenses necessary in the transfer of the child from Nottingham School Township to the school at Poneto, Indiana, in Liberty Township. The court stated the law to be: "(1) That the law on the facts found are with the re-

lator, Ralph C. Lee, and he is entitled to the relief asked in the prayer of his complaint.

"(2) That said Nina V. Lee is entitled to be transferred from the school to which she is attached in Nottingham School Township, Wells County, Indiana, to the school held and maintained in Liberty School Township, at Poneto, Indiana.

"(3) The defendant, James W. Carter, Trustee of Nottingham School Township, should transfer said Nina V. Lee from the school to which she is attached in Nottingham School Township, to the school held and maintained at Poneto, Indiana, in Liberty School Township.

"(4) That the plaintiff recover of and from the defendant all his costs laid out and expended."

The trial court rendered judgment on the conclusions of law in favor of the appellee and against appellant.

The appellant contends that the court erred in each of its four conclusions of law and also in overruling appellant's motion for a new trial. The grounds urged for a granting of a new trial were: (1) The finding of the court is not sustained by sufficient evidence, and (2) the finding of the court is contrary to law.

We think appellant's case on appeal can be said to rest upon the following propositions:

(1) A writ of mandamus will issue only in case the facts show a clear right on the part of the relator to obtain the relief demanded and a clear legal duty resting upon the defendant to do and perform the thing demanded.

(2) When the performance of the alleged duty requires the payment of money or the incurring of indebtedness by a public officer, facts must be averred and proved which show that there is money which such

officer has the right to apply to such payment, or that he is authorized to incur such indebtedness.

(3)   In the case at bar, there is no allegation nor findings of facts to show that the advisory board had made any appropriation to pay for transfers.

(4)   Since there was no finding that "appellant had in his possession and under his control appropriated for that purpose by the advisory board funds enough to provide and pay for the transfer for all the pupils of said Nottingham School Township who were entitled to and for whom transfers were asked by parents, guardians or custodians of pupils" the trustee could not legally grant the transfer in question.

There is no finding that the advisory board had appropriated any specific sum to pay the cost of transfer of the relator's child, in fact, there is no finding that any specific sum had been appropriated to pay the cost of any transfers.   Clearly, the relator must fail if it is necessary for him to show that a specific sum has been appropriated by the advisory board to take care of transfers of all pupils entitled thereto. But other findings of facts, as already indicated, bring the case squarely within §6917 Burns 1926, quoted above, and this statute makes it mandatory upon the trustee to grant the relator's child a transfer, and we do not think it is material whether any money had been appropriated by the advisory board to pay the cost of transfer of the relator's child or any other child entitled to a transfer.   There was no more obligation upon the relator to show that money had been appropriated to pay the transfer tuition in this case than there would be to show that there had been an appropriation of money to pay the cost of tuition of his child in a school in his own corporation, if the relator were seeking to mandate the defendant to admit relator's child to a school in his own corporation.   If, as appellant contends, the relator must

show that appellant "had in his possession and under his control appropriated for that purpose by the advisory board funds enough to provide and pay for the transfer for all the pupils," we are forced to reach an unreasonable conclusion. If, for instance, the advisory board should appropriate a sum sufficient to take care of the transfers of 25 pupils, and if it should turn out that 26 pupils are entitled to transfer, it would follow, under appellant's theory, that no one of the 26 could obtain a transfer since no one of the 26 could show that a sufficient sum had been appropriated to pay the cost of his transfer and of all other transfers.

The Supreme Court has frequently declared that the public school system of Indiana is a state institution organized and administered for the benefit of the children of school age of the state and indirectly for the benefit of the state itself, and that local school corporations are mere agencies of the state. The Constitution places upon the General Assembly the duty of providing by law "for a general and uniform system of common schools, wherein tuition shall be without charge, and equally open to all." Under our present administrative organization of the public school system, each school corporation is charged directly with the obligation of providing tuition without charge for each child of school age whose school residence is within the territorial boundaries of the school corporation. The law contemplates that most children of school age will be accommodated in the schools of their respective school corporations; but, to prevent a practical nullification of the privilege of free tuition, the General Assembly has provided by statute for transfer of school children from their home corporations to other corporations when such transfer will result in better school accommodations. Usually, the question of whether a particular pupil can be better accommodated by a transfer from his home

corporation is left to the discretion of the school officials, but the General Assembly has provided that when certain facts exist, as in the instant case, a pupil can be better accommodated by a transfer, as a matter of law. To facilitate transfers of pupils and to protect the receiving corporations, the General Assembly has made special and careful provision for the payment of transfer tuition claims, as indicated by the following: "If such transfer is granted, the school trustee or board of school trustees, or commissioners of the school corporation in which such child resides, shall pay out of the special school fund, or out of the tuition fund, at his discretion, to the school trustee or board of school trustees or commissioners of the school corporation to which such child is transferred, as tuition for such child, an amount equal to the annual per capita cost of education in the corporation to which said child is transferred, or such a part of it as the term of enrollment of said child in the schools of the creditor corporation may require." Acts 1901 p. 448, ch. 204, §6920 Burns 1926.

"The school trustee, board of school trustees or commissioners of the school corporation from which said child or children were transferred shall pay out of the special school fund or out of the township fund, or out of the tuition fund, of his corporation, at his discretion, to the school trustee, board of school trustees or commissioners of the school corporation to which such child or children were transferred, on or before the 1st day of August next following the receipt of the aforesaid statement of the amount of tuition thus due and, in the event of failure to pay said tuition when due, a penalty of ten per cent. shall attach from and after the 1st day of August of the year in which such tuition is due." Acts 1907 p. 321, ch. 189, §6924 Burns 1926.

"If any school trustee or board of school trustees or commissioners refuse to pay any sums claimed by another

corporation as due, the creditor corporation shall make written statement of the case to the county auditor, who shall have power to hear and determine the matter. If he hold that a given sum is due the complaining corporation, he shall, in the next semi-annual distribution of school revenues, withhold such sum from the amount otherwise due the debtor corporation: Provided, That unpaid tuition claims arising between corporations of different counties shall be adjusted by the state superintendent of public instruction, through the apportionment of school revenues." Acts 1901 p. 448, ch. 204, §6922 Burns 1926.

In view of the foregoing statutory provisions, it is evident that the General Assembly has treated transfer tuition costs and claims therefor as a distinct class of school corporation expenditures, and we conclude that the right of a child to a transfer and the duty of a trustee to grant such transfer do not depend upon the advisory board's having made a specific appropriation to cover the cost of transfers.

The appellant is unduly apprehensive of the effect of §12068 Burns 1926, Acts 1899, ch. 105, p. 150, as amended Acts 1913 p. 276, and in particular of the following sentence: "In no event shall a debt of the township be created except by the advisory board of such township, and in the manner herein specified, and any payment of any debt not so authorized from the public funds of such township shall be recoverable upon the bond of the trustee, in a suit which it is hereby made the duty of said board to institute and prosecute, in the name of the state, for the use of said township."

The granting of a transfer does not create a debt of the township; a transfer being a mere authority for the admission of the transferred pupil to the school of the corporation to which he is transferred. The statutes

governing transfers create the obligation of the transferring corporation, and only when the transferred pupil has actually attended school in the corporation to which he has been transferred. A transfer is in no sense a contract and does not bind the transferring corporation to pay anything.

The apprehension of appellant that the issuance of the mandate in this case will cause him to violate §12070 Burns 1926, Acts 1899, ch. 105, p. 150, as amended Acts 1901 p. 415, is equally unfounded. He calls special attention to the following provision: "The expenditure of any fund, in whole or in part, to any account for which it was not appropriated by said board, shall be deemed by the board a balance of such fund unexpended and in the hands of the trustee, for which he shall be liable upon his bond." The granting of the transfer certainly does not constitute an "expenditure of any fund"; and, if it becomes apparent that by reason of a larger number of transfers than had been anticipated, "an emergency exists for the expenditure of any funds not included in the existing estimates and levies," the township trustee is completely protected by §12068, referred to above which authorizes the calling of a special meeting of the advisory board to authorize the trustee to borrow a sum of money sufficient to meet such emergency. If the advisory board should refuse to authorize a loan, §6922 Burns 1926, quoted above, provides a way for the creditor school corporation to collect the amount due.

The trial court did not err in its conclusions of law. And, since we conclude it was not necessary for the court to find that the advisory board had made an appropriation to pay the cost of transfer tuition, there was no error in overruling the motion for a new trial.

Judgment affirmed.